# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CINSAY, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 3:13-cv-04188-K** |
| **v.** | § | |
| | § | |
| **NEW ANTICS, LLC,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT'S MOTION TO STAY MERITS DISCOVERY

Plaintiff Cinsay, Inc. ("Cinsay" or "Plaintiff") files this Response to Defendant New Antics, LLC's ("New Antics" or "Defendant") Motion to Stay Merits Discovery ("Motion") [Doc. 21], as follows:

## INTRODUCTION

The Court should reject New Antics' position that its pending Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") and an identical, second-filed lawsuit filed this week by New Antics in the Central District of California justify halting the proceeding before this Court. This action is the first-filed case, and the Court has already ordered the parties to conduct a scheduling conference by March 26, 2014 and submit a report by April 4, 2014. New Antics' second-filed California lawsuit confirms that merits-based discovery is necessitated regardless of the outcome of New Antics' Motion to Dismiss. Thus, even in the unlikely event Cinsay's claims against New Antics were adjudicated in a different forum, New Antics will still be required to answer the same discovery it seeks to avoid now. Accordingly, New Antics' motion to stay merits discovery is unwarranted, causes unnecessary delay, and should be denied.

## PROCEDURAL BACKGROUND

Cinsay filed its Original Complaint for Patent Infringement against New Antics on October 16, 2013.[1]  New Antics requested three extensions of its deadline to answer Cinsay's Complaint, and this Court granted three extensions of New Antics' deadline to answer.[2]

On February 14, 2014, New Antics filed a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction[3] and a Motion for Evidentiary Hearing.[4]  After conferring with New Antics to no avail, Cinsay filed an *opposed* Motion to Conduct Jurisdictional Discovery and Extend the Deadline to Respond to Defendant's Motion to Dismiss.[5]  New Antics indicated that it would not agree to the relief sought by Cinsay unless Cinsay agreed to an evidentiary hearing and limited the jurisdictional discovery to three interrogatories and three requests for production.  The motion to conduct jurisdictional discovery is currently before the Court for its determination.

On March 6, 2014, the Court issued an Order Requiring Scheduling Conference and Report for Contents of Scheduling Order in Patent Cases.[6]  Four days later, New Antics filed a new lawsuit against Cinsay in the Central District of California, seeking a declaratory judgment of non-infringement and invalidity of the same patents at issue in the present, pending lawsuit.[7] In the California complaint, New Antics acknowledges the instant case is pending (and first-filed), but seeks to nevertheless proceed because New Antics does not believe this Court may

---

[1] [Doc. 1].

[2] [Doc. 7]-[Doc. 12].

[3] [Doc. 13].

[4] [Doc. 14].

[5] [Doc. 17].

[6] [Doc. 18].

[7] Complaint [Doc. 1], attached to the Appendix as Exhibit A to the Declaration of Jennifer Beth Ingram ("Ingram Decl.") [APP001], filed in *New Antics, LLC v. Cinsay, Inc.*, Case No. 1:14-cv-01734-CBM-VBK, filed on March 10, 2014 [APP002-006].

proceed in any manner because of its jurisdictional challenge.[8]   Two days after filing the California action, New Antics filed the instant Motion seeking to halt discovery due to its pending Motion to Dismiss and its second-filed California suit.[9]

## ARGUMENT AND AUTHORITIES

A.   **New Antics failed to show good cause for its request to stay discovery.**

Although a court has discretion to stay discovery pending ruling on a *dispositive* motion, such a stay is an "exception rather than the rule."[10]   The moving party's own belief that it will prevail on a dispositive motion *does not* entitle it to a stay.[11]   Instead, the moving party must establish "good cause" and meet the "heavy burden of making a 'strong showing' why discovery should be denied."[12]

In the present case, New Antics has failed to show any entitlement to a stay beyond the mere reference to its pending jurisdictional motion and second-filed California suit.  New Antics' Motion to Dismiss is not *dispositive*; even if granted, the same discovery will still be required in the California action.  New Antics' assertion that courts routinely stay discovery under similar circumstances is unsupported; none of the cases cited by New Antics involved an identical lawsuit pending in another jurisdiction that would necessitate the same discovery regardless of

---

[8] *See id.* at 2 [APP003].

[9] [Doc. 21].

[10] *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008); *see also Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, 3-07-CV-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008).

[11] *See Glazer's Wholesale Drug Co., Inc.*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss.").

[12] *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) ("The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements.") (internal citations omitted).

those courts' rulings on the jurisdictional motions.[13]  This distinction is recognized by the Fifth

Circuit in a case cited by New Antics:

> It would be wasteful to allow discovery on all issues raised in a broad complaint
> when, for example, the case will not reach trial because of the expiration of a
> limitations period.[14]

Accordingly, New Antics has not established good cause for its request to stay discovery.

**B.      New Antics misstates the applicable legal standard.**

New Antics' reliance on the factors courts consider in staying litigation pending

reexamination is misplaced.[15]  No reexamination has been filed on any of the patents in suit.

Furthermore, the factors are not relevant in a jurisdictional dispute.  For example, the Court's

ruling on New Antics' Motion to Dismiss will not "simplify this litigation" as the case will

merely proceed in a different forum.

---

[13] [Doc. 21] at 3, n.1.  *See Ameritel Inns v. Moffat Bros. Plastering, L.C.*, No. 06-359-S-EJL, 2007 WL
1792323 (D. Idaho June 20, 2007) (defendant did not initiate an identical proceeding in a different court,
thus, the need for discovery regardless of the court's ruling on the motion to dismiss was not a factor
considered by the court); *Mvisible Technologies, Inc. v. Mixxer, Inc.*, No. 06-61792, 2007 WL 809677
(S.D. Fla. Mar. 15, 2007) (same); *Gandler v. Nazarov*, 94 CIV. 2272 (CSH), 1994 WL 702004 (S.D.N.Y.
Dec. 14, 1994) (same); *Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, No. 05-4294 DRH ETB, 2006
WL 897996 (E.D.N.Y. Mar. 31, 2006) (same, noting that ""[i]t, of course, is black letter law that the mere
filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a
discovery stay.")
[14] *Corwin v. Marney, Orton Invs.*, 843 F.2d 194, 200 (5th Cir. 1998).

[15] [Doc. 21] at 2.

Additionally, New Antics' assertion that, absent a stay, the parties may be forced to "engage in duplicative discovery in multiple courts" is contrary to Federal Circuit precedent.[16]  It is well established that a second-filed declaratory judgment action based on the same patent dispute will be stayed in favor of the first-filed infringement action.[17]

## C.     A discovery stay would unfairly prejudice Cinsay.

A discovery stay at this point would unnecessarily protract this litigation by multiple months.  Under New Antics' proposal, the parties would have to (1) complete jurisdictional discovery, (2) complete briefing on New Antics' Motion to Dismiss, and (3) await the Court's determination, before proceeding with any merit-based discovery in this case.  The parties will not be able to confer regarding the contents of a scheduling order, as ordered by the Court,[18] because a multi-month discovery stay will necessarily affect the majority of such deadlines, *e.g.*, claim construction and expert designations.  But at the same time, Cinsay would be forced to litigate the second-filed California action.

---

[16] *See, e.g.*, *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013) (holding that dismissal of a second-filed declaratory judgment action regarding the same patents already at issue in a different district was warranted, and stating that "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action."); *EMC Corp. v. Bright Response, LLC*, C-12-2841 EMC, 2012 WL 4097707, at *1 (N.D. Cal. Sept. 17, 2012) ("[W]hen two actions involving nearly identical parties and closely related patent infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed takes priority, and the subsequently filed suit should be dismissed or transferred or stayed.") (internal citations omitted); *ASUSTeK Computer Inc. v. Round Rock Research, LLC*, C 11-6636 CW, 2012 WL 2055026 (N.D. Cal. June 5, 2012) (granting a motion to stay the second-filed suit based on the "first-to-file" rule").

[17] *Id.*  Cinsay intends to file a motion to dismiss or stay New Antics' second-filed Central District of California suit based on this precedent.

[18] While the Court has ordered the parties to conduct a Rule 26(f) Scheduling Conference no later than March 26, 2014, as of the date of filing this Response, Defendant's counsel has been unable to provide availability for a conference due to counsel needing additional time to "make intelligent decisions and recommendations."

## CONCLUSION

New Antics has already stalled this litigation since early October by requesting multiple extensions.  It should not be rewarded with additional months during which this litigation would be delayed, especially in light of its own apparent desire to proceed with this litigation in California instead.

Plaintiff Cinsay, Inc. respectfully requests that the Court deny Defendant New Antics, LLC's Motion to Stay Merits Discovery, and grant Plaintiff such further relief to which it may be justly entitled.

Dated:  March 14, 2014                                          Respectfully submitted,

By: */s/ Jennifer Beth Ingram*
    Jamil N. Alibhai
    Texas State Bar No. 00793248
    jalibhai@munckwilson.com
    William A. Munck
    Texas State Bar No. 00786127
    wmunck@munckwilson.com
    Jennifer Beth Ingram
    Texas State Bar No. 24038972
    jingram@munckwilson.com
    Olga A. Bograd
    obograd@munckwilson.com
    Texas State Bar No. 24075613
    **MUNCK WILSON MANDALA, LLP**
    12770 Coit Road, Suite 600
    Dallas, Texas 75251
    Telephone: 972.628.3600
    Telecopier: 972.628.3616

    **COUNSEL FOR PLAINTIFF CINSAY, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading was served on all counsel of record via CM/ECF on this 14th day of March, 2014.

_/s/ Jennifer Beth Ingram_

Jennifer Beth Ingram

616735